IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN JONES, JR. | : CIVIL ACTION |
| v. | : |
| | : NO. 15-5594 |
| BRISTOL TOWNSHIP, et al. | : |

MEMORANDUM

**KEARNEY, J.**                                                                                                             **April 21, 2016**

A citizen filing a *pro se* complaint claiming his township wrongly issued summary criminal citations which were prosecuted by lawyers and upheld by state court judges must exhaust his ongoing appeals in the state court before claiming constitutional violations in this Court. The citizen must also overcome the well-established immunity attaching to judges and prosecutors when acting within the scope of their public service. When, as here, a *pro se* citizen cannot presently come close to pleading the required facts of a constitutional claim in good faith, we dismiss his constitutional claims in the accompanying Order. We also dismiss his claim under the Americans with Disabilities Act for failing to state any facts giving rise to this claim against his home township. As he is *pro se*, we grant him leave to amend his complaint to assert claims if he can, in good faith, consistent with this Memorandum.

I.     **Alleged facts**

John Jones, Jr. ("Jones") claims various Defendants violated his First and Fourth Amendment rights and the Americans with Disabilities Act ("ADA") arising from summary criminal citations against him concerning "property neatly stored on (his) property".[1] Jones sues Bristol Township, James McCauley[2], Township Code Enforcement Officer Debra Juno, former Township Director of Licensing and Inspections Glen Kucher (the "Township Defendants"), Magisterial District Judge Joanne Kline, Bucks County Common Pleas Judge Diane Gibbons

(the "Judicial Defendants"), Township Solicitor Randall Flager, Esq. and Bucks County Assistant District Attorney Kathleen Byrne, Esq.

Jones alleges Defendants issued him "excessive, retaliatory, [and] excessive" tickets, which constituted "malicious and selective prosecution" designed to take advantage of Jones' undisclosed disabilities and for no other reason than to harass Jones.[3] Jones alleges each individual participated in the issuance or prosecution of the citations, while some or all had the ability and duty to stop the prosecution of the citations at any time yet failed to do so. Jones alleges this conduct caused depression and other medical impairments.[4]

Jones is seeking relief in two (2) courts. He is presently appealing issues in the Pennsylvania Commonwealth Court. He is also asking us to "make all defendants cease and desist harassment of plaintiff. Drop all citations. Award Plaintiff 15,000.00 dollars from each defendant and 25,000.00 dollars from the defendant herein named as Bristol Township."[5]

## II.   Analysis[6]

Defendants move to dismiss Jones' complaint on various grounds. Defendants Kline and Gibbons argue the case is procedurally improper under *Younger v. Harris*, 401 U.S. 37 (1971), and we should abstain due to Jones' pending appeal in state court. They also argue the *Rooker-Feldman* doctrine and *Heck v. Humphrey* bar Jones' claims. They also argue sovereign immunity and absolute judicial immunity. Finally, they argue Jones' claims are impermissibly general and vague failing to state a claim upon which relief can be granted.[7] The Township Defendants argue we cannot decide the issues presented due to Jones' pending appeal. They also argue Jones improperly served the Township Defendants. Additionally, they argue Jones' complaint fails to comply with the Federal Rules of Civil Procedure. Finally, they argue Jones fails to state a claim upon which relief may be granted.

Defendant Flager argues there are no allegations he acted under color of state law or even acted at all. Defendant Flager also incorporates the Township Defendants' arguments.

Defendant Byrne adopts the arguments made by the Judicial Defendants and additionally argues she is entitled to absolute prosecutorial immunity.

### A. Sovereign, Judicial, and Prosecutorial Immunity apply.

Sovereign immunity and absolute judicial immunity shields the Judicial Defendants in their official and individual capacities from suit for monetary damages arising from their judicial acts.[8] To be entitled to judicial immunity, a judge must act in his judicial capacity over a matter for which he has jurisdiction.[9] "Immunity will not be forfeited because a judge has committed 'grave procedural errors.'"[10] Nor will a judge lose immunity because his actions are "unfair or controversial."[11] We focus on the "general nature of the challenged action" without regard for the judge's "motive or the correctness of his or her decision."[12] Additionally, sovereign immunity bars any claim against state judges in their official capacity as it is simply a claim against the state, and a state cannot be sued under § 1983 for money damages.[13]

The Judicial Defendants are entitled to sovereign immunity and absolute judicial immunity for their roles in presiding over Jones' proceedings. Jones alleges no facts indicating either Judicial Defendant acted extra-jurisdictionally or their challenged conduct was not a judicial act. Accordingly, they are entitled to immunity from suit and are dismissed.

We also find Defendant Byrne, as Assistant District Attorney, is entitled to prosecutorial immunity. While Jones' complaint fails to allege any conduct by Byrne, he does allege each defendant "participated in the issueing [sic] or prosecution" of the challenged citations.[14] We interpret his allegation as challenging Byrne's conduct in prosecuting Jones.

In *Imbler v. Pachtman*, the United States Supreme Court held state prosecutors are

3

absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role.[15] While "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings" are not covered by immunity, "acts undertaken in preparing for the initiating of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."[16] Thus, the critical inquiry is whether the prosecutor acted as the "state's advocate while engaging in the alleged conduct [.]"[17] Given Jones' allegations, we find Byrne acted in her role as the "state's advocate" while engaging in the alleged conduct. Defendant Byrne is entitled to absolute immunity and is dismissed.

  **B. Jones fails to allege the personal involvement of any Defendant.**

Section 1983 "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere confirmed."[18] To establish a § 1983 claim, Jones must show Defendants "acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury."[19] Jones must also show the personal involvement of each Defendant.[20] Personal involvement can be shown through "allegations of personal direction or of actual knowledge and acquiescence."[21] These allegations must be made with "appropriate particularity."[22]

Jones has generally alleged the involvement of every Defendant but failed to specify the role of the Township Defendants or Defendant Flager. He alleges "each individual participated in the issueing [sic] or prosecution of the citations issued and or had the ability as well as duty to cease prosecution of plaintiff at any time."[23] Such general pleading is insufficient to state a § 1983 claim.[24]

  **C. *Heck v. Humphrey's* favorable termination rule precludes Jones' constitutional claims.[25]**

4

In *Heck*, the United States Supreme Court held where a plaintiff seeks to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the district court must dismiss the action unless the plaintiff can demonstrate that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."[26]

Here, Jones is challenging the validity of his conviction on the tickets issued to him.[27] He brings First and Fourth Amendment claims arguing the tickets were "illegal", "constituted malicious and selective prosecution", "were designed to take advantage of [his] disability", and "severed no good or legitimate porpoise [sic]."[28] Any such claims are barred until Jones can show his conviction has been reversed on appeal or invalidated in some other manner.

> D. **We must abstain from exercising jurisdiction over Jones' requested injunctive relief under *Younger v. Harris* because of Jones' pending appeal.**

Under *Younger*, a court is precluded from exercising federal jurisdiction where it "has been invoked for the purpose of restraining certain state proceedings."[29] *Younger* abstention is appropriate where state proceedings (1) are judicial in nature and ongoing; (2) implicate important state interests; and (3) afford an adequate opportunity to raise the federal claims.[30]

Here, Jones asks us to order Defendants to drop all citations against him. We interpret this as a request for injunctive relief, which most assuredly would interfere with ongoing state proceedings, *i.e.* Jones' appeal. According to the Jones' docket, he is a party to the ongoing state court proceedings in the Commonwealth Court. Second, the state has a legitimate interest in enforcing its local ordinances. Additionally, the state has an important interest in reviewing state court judgments and correcting error without federal court intrusion. Finally, Jones has an

adequate opportunity to raise his federal challenges in the state court proceedings. Federal court intervention is not necessary. As all three requirements are met, we will abstain from granting Jones' apparent requested injunctive relief of forcing Defendants to "drop all citations."

  **E. Jones fails to state a claim under the ADA.**

Assuming Jones' ADA claim is not covered by *Heck* or *Younger*, each Defendant argues Jones' complaint fails to state a claim upon which relief can be granted. We examine whether Jones can state an ADA claim. Title II of the ADA prohibits disability discrimination in the provision of public services:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.[31]

We assume, because Defendants are public officials or entities, Jones brings a claim under Title II. To state a claim, Jones must sufficiently allege (1) he is a qualified individual; (2) with a disability, (3) he was excluded from participation in or otherwise denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability.[32]

Jones' offers very few allegations relevant to his ADA claim. He does not identify his disability. He does not allege how any Defendant's actions denied him benefits of any service, program, or activity of Bristol Township. Nor does he allege why he believes any alleged discrimination is based on his disability. In short, Jones does not allege sufficient facts making his ADA claim plausible. We dismiss this claim.[33]

  **III. Conclusion**

The Judicial Defendants and Defendant Byrne are entitled to immunity from Jones' present claims. Jones' constitutional claims are barred by the favorable termination rule in *Heck*

and we must abstain from what we interpret to be Jones' request for injunctive relief under *Younger*. Further, Jones fails to state a claim under the ADA, we will allow him to amend his complaint to plead claims in good faith entirely consistent with this Order.

---

[1] (ECF Doc. No. 4, at ¶ II.B.) Jones also brings a claim under 18 U.S.C. § 241-242. "These sections establish criminal liability for certain deprivations of civil rights and conspiracy to deprive civil rights." *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009). They do not create a civil cause of action enforceable by Jones and we dismiss this claim. *See Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) ("[W]e agree with the District Court's dismissal of the 18 U.S.C. § 241 and § 242 claims. Neither statute creates a civil cause of action" (citing *United States v. Philadelphia*, 644 F.2d 187, 199 (3d Cir. 1980)).

[2] Township Defendants believe Jones meant to name William J. McCauley, III, Bristol Township Manager, rather than James McCauley. We will refer to the individual as McCauley.

[3] (*Id.* at ¶ III.C.)

[4] (*Id.* at ¶ IV.)

[5] (*Id.* at ¶ V.)

[6] A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for a failure to state a claim upon which relief can be granted examines the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs set forth "a short and plain statement of the claim," which gives the defendant " 'fair notice of what the ... claim is and the grounds upon which it rests.' " *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (alteration in original). The complaint need not contain "detailed factual allegations" but rather "sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir.2010) (alteration in the original) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993)). We must "accept all the factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp.*, 643 F.3d at 84 (alteration in original) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir.

2002). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient " 'to raise a right to relief above the speculative level.' " *West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir.2013) (quoting *Twombly*, 550 U.S. at 555).

[7] (ECF Doc. No. 10, at ¶¶ 9-14.)

[8] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768-72 (3d Cir. 2000) ("The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts.")

[9] *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

[10] *Gallas*, 211 F.3d at 769 (quoting *Stump*, 435 U.S. at 359)).

[11] *Id.* (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)).

[12] *Id.*

[13] *Walthour v. Child & Youth Servs.*, 728 F. Supp. 2d 628, 639 (E.D. Pa. 2010) (citing *Nelson v. Dauphin Cnty. Public Defender*, 381 F. App'x 127- 127-28 (3d Cir. 2010)).

[14] (ECF Doc. No. 1, at ¶ III.C.)

[15] 424 U.S. 409, 418 (1976).

[16] *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

[17] *Yarris v. County of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006).

[18] *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979)).

[19] *Id.*

[20] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[21] *Id.*

[22] *Id.*

[23] (ECF Doc. No. 4, at ¶ III. C.)

[24] *McAndrew v. Bucks Cnty. Bd. of Comm'rs*, 982 F. Supp. 2d 491, 502 ("Such general allegations of personal involvement constitute conclusory allegations and do not withstand the

federal pleading requirements." (citation omitted)).

[25] It is also possible this court lacks jurisdiction to decide Jones' claims under the *Rooker-Feldman* doctrine. However, because we find they are barred by *Heck*, we need not reach the question.

[26] 512 U.S. 477, 486-87 (1994).

[27] (ECF Doc. No. 4, at ¶ III.C.)

[28] (*Id.*)

[29] *Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 83 (3d Cir. 2011) (internal quotations omitted).

[30] *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003).

[31] 42 U.S.C. § 12132.

[32] *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 553 n.32 (3d Cir. 2007).

[33] *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (finding "bare invocation of the ADA is insufficient to state a prima facie claim under Article II of the ADA.").