IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN JONES, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 15-5594 |
| | : | |
| BRISTOL TOWNSHIP, et al. | : | |
| | : | |

MEMORANDUM

KEARNEY, J.                                                                                                                July 20, 2016

John Jones, Jr. filed a *pro se* complaint claiming Bristol Township wrongly issued summary criminal citations prosecuted by lawyers and upheld by state court judges. We previously granted Judge Gibbons' and Magisterial District Judge Kline's motions to dismiss Jones' complaint, finding Mr. Jones must first exhaust his ongoing appeals in the state court before claiming constitutional violations in this Court. Mr. Jones also needs to overcome the immunity attaching to judges and prosecutors when acting within the scope of public service. We found Jones failed to allege a Defendant's personal involvement sufficient to plead a § 1983 claim and also dismissed his claim under the Americans with Disabilities Act for failing to state facts against Bristol Township.

We granted Jones leave to amend his complaint to assert claims consistent with our April 21, 2016 memorandum. Mr. Jones still fails to assert claims consistent with our instruction. We dismiss his amended complaint with prejudice.

I.   **Alleged facts**

Mr. Jones originally plead all Defendants illegally issued citations or prosecuted Mr. Jones in an excessive, retaliatory, and malicious manner.[1] We found Jones did not come close to pleading the required facts of a constitutional claim.

To amend, Jones pleads Judge Kline issued citations for whistleblowing activities because Judge Kline "hated" Jones for working with her husband and her husband's girlfriend.[2] Jones alleges "[t]he township and its agents" selectively prosecuted Jones by not treating other properties the same way, and did so knowing Jones is a disabled American citizen.[3] Jones pleads the township has not "fulfilled the obligations of a final inspection that they had a responsibility to do" after charging Jones a permit fee.[4]

Jones does not plead any facts pertaining to Judge Gibbons.

II.  **Analysis**

Judge Gibbons and Magisterial District Judge Kline argue: the case is procedurally improper under *Younger v. Harris*, 401 U.S. 37 (1971) and we should abstain due to Jones' pending appeal in state court; the *Rooker-Feldman* doctrine and the principles of *Heck v. Humphrey* bar Jones' claims; sovereign immunity and absolute judicial immunity; Jones' claims are too vague; and, Jones fails to state a claim upon which relief can be granted.

   A.   **Sovereign and Judicial immunity apply.**

Sovereign immunity and judicial immunity protect Judge Gibbons and Magisterial District Judge Kline in their official and individual capacities from suit arising from their judicial acts presiding over Jones' proceedings.[5] Jones alleges no facts to show he is able to overcome the immunity attaching to Judge Gibbons and Magisterial

District Judge Kline. They are entitled to immunity from suit and are dismissed with prejudice.

### B. Jones fails to allege the personal involvement of Judge Gibbons and Magisterial District Judge Kline.

To establish a § 1983 claim, Jones must show the personal involvement of each defendant and show they "acted under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury."[6] Jones must plead these allegations with "appropriate particularity."[7]

Jones speculates why Judge Kline would retaliate against him. Jones alleges he "wrote letters that were ignored and should not have been."[8] Jones pleads legal conclusions without sufficient factual support. We find his allegations have not been made with the "appropriate particularity" necessary to establish a § 1983 claim.[9]

Jones does not allege the involvement or raise a claim on behalf of Judge Gibbons.

### C. *Heck v. Humphrey's* termination rule precludes Jones' constitutional claims.

In *Heck*, the Supreme Court held where a plaintiff seeks to recover damages for harm caused in such an unlawful way the conviction is rendered invalid, the district court must dismiss the action unless the plaintiff can prove the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."[10]

Jones challenges his conviction for state summary offenses. He alleges the citations were "illegal" and "improper," again pleading legal conclusions without the

required factual support.[11] Jones fails to plead his conviction "has been reversed on direct appeal," or invalidated on other grounds as required under *Heck*.[12] Jones' claims are barred as his conviction has not been reversed or invalidated.

### D. Under *Younger,* we abstain from exercising jurisdiction over Jones' claims because of his pending appeal.

Under *Younger*, we should abstain when state proceedings (1) are ongoing and judicial in nature; (2) implicate important state interests; and (3) afford an adequate opportunity to raise the federal claims.[13]

Mr. Jones appealed his conviction in state court, which remains pending in the Pennsylvania Commonwealth Court, *Commonwealth v. Jones*, No. 37 CD 2016. If we were to "drop" all citations against Jones, it would interfere with ongoing state proceedings, undermine the legitimate interest the state has in enforcing its local ordinances and in reviewing state court judgments without interference from the federal court. Jones also has adequate opportunity to raise his claims in state court proceedings. Because state proceedings are ongoing and judicial in nature, implicate important state interests, and afford adequate opportunity to raise his federal claims, we will not "drop" citations against Jones, and we abstain from his action.

### III. Conclusion

Mr. Jones does not plead facts addressing the issues deficient in his original complaint. Judge Gibbons and Magisterial District Judge Kline are entitled to immunity from Jones' claims. Jones' claims are too vague for relief to be granted, his constitutional claims are barred under *Heck*, and we must abstain from exercising jurisdiction under *Younger*. As we are unable to grant Mr. Jones a remedy, we dismiss his amended complaint with prejudice.

---

[1] (ECF Doc. No. 4, at ¶ III.C.)

[2] (ECF Doc. No. 26, at ¶ 1.)

[3] Id.

[4] Id.

[5] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768-72 (3d Cir. 2000) ("The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts.")

[6] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3s Cir. 1988); *Elmore v. Cleary*, 399 F.3d 279, 281 (2d Cir. 2005) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979)).

[7] *Rode*, 845 F.2d at 1207.

[8] (ECF Doc. No. 26, at ¶ 1.)

[9] *Rode*, 845 F.2d at1207.

[10] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[11] (ECF Doc. No. 26, at ¶ 1.)

[12] *Heck*, 512 U.S. at 486-87.

[13] *Anthony c. Council*, 316 F.3d 412, 418 (3d Cir. 2003).