## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN JONES, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO.  15-5594 |
| BRISTOL TOWNSHIP, et al | : | |

### MEMORANDUM

**KEARNEY, J.**                                                          **August 11, 2016**

A *pro se* plaintiff must plead some patina of facts from which we can plausibly find a basis for claims brought against public officials, a township and a lawyer because they had some role in summary citations which Plaintiff continues to challenge in Pennsylvania state court. The Plaintiff failed to plead sufficient facts after two opportunities.    We dismiss an amended complaint against parties who are immune.    As the *pro se* Plaintiff may have facts which, upon retaining counsel, could be plausibly asserted to state a claim, we will not dismiss his claims with prejudice as to the non-immune Defendants as he may, if his claim falls within the statute of limitations, bring a related case at a later time before this Court against the non-immune Defendants.

## I.      Background

John Jones, Jr. sues Bristol Township, James McCauley, Township Code Enforcement Officer Debra Juno, former Township Director of Licensing and Inspections Glen Kucher (the "Township Defendants"), Magisterial District Judge Joanne Kline, Bucks County Common Pleas Judge Diane Gibbons (the "Judicial Defendants"), Township Solicitor Randall Flager, Esq. and Bucks County Assistant District Attorney Kathleen Byrne, Esq.

Jones initially alleged Defendants issued him "excessive, retaliatory, [and] illegal" tickets, which constituted "malicious and selective prosecution" designed to take advantage of Jones' undisclosed disabilities and for no other reason than to harass Jones.[1] Jones alleges each individual participated in issuing or prosecuting the citations, while some or all had the ability and duty to stop the prosecution and failed to do so.   Jones alleges this conduct caused depression and other medical impairments.[2]

We previously dismissed his claim the Defendants violated his First and Fourth Amendment rights and discriminated against him in violation of the Americans with Disabilities Act ("ADA") when Defendant Bristol Township issued Jones summary criminal citations concerning what he alleges is "property neatly stored on [his] property."[3]  We dismissed Jones' claims without prejudice to his filing an amended complaint.  We held Jones did not plead sufficient facts to sustain a § 1983 claim.  We also determined procedural obstacles prevented us from considering his case in the first place.  Specifically, Jones' appeal to the Pennsylvania Commonwealth Court constituted an ongoing state court proceeding implicating the *Younger v. Harris* abstention doctrine.  Moreover, Jones sued multiple Defendants protected by sovereign, judicial, and prosecutor immunity.  Finally, we dismissed Jones' ADA claim for failure to state a claim.

Jones filed an amended complaint on June 29, 2016.[4]  Jones again alleges someone issued nineteen (19) citations, nine (9) of which were "dismissed due to being completely illegal and totally improper to prosecute".[5]   He alleges the "township and its agents came at [him] in a retaliatory manner issuing [ ] ten thousand dollars in fines for my whistle blowing activates [sic] by any reasonable person's standard of thinking . . . and did so fully knowing that I was a disabled American citizen as evidenced in correspondence."[6]   Jones alleges these actions violate

2

his rights.  Jones avers he is "fully disabled" and due to "several medical issues and setbacks . . . requests leave and or a continuance to seek out legal representation".[7]

Jones fails to allege specific causes of action but we proceed under the assumption he is bringing identical claims as his original complaint: First Amendment, Fourth Amendment, and ADA claims.

## II.    Analysis[8]

### *We dismiss amended claims against immune judges and prosecutors with prejudice.*

On July 21, 2016, we dismissed Jones' amended complaint against the Judicial Defendants with prejudice as they enjoy immunity from suit absent special circumstances not found here.[9]   We now dismiss Defendant Byrne with prejudice because she is not named in this amended complaint and even incorporating the allegations contained in the original complaint, she enjoys prosecutorial immunity.[10]

### *We dismiss amended claims against non-immune parties without prejudice.*

The remaining Defendants argue Jones still fails to comply with Federal Rule of Civil Procedure 8's requirements: 1) a short and plain statement of the grounds for the court's jurisdiction; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought.  While a *pro se* complaint is held to a less stringent standard, a plaintiff must still provide fair notice of the claims alleged.[11]   A § 1983 plaintiff must plead the details surrounding the alleged constitutional violations.[12]

Even liberally construing Jones' amended complaint, he does not meet Rule 8's requirements.  Jones alleges no facts concerning Defendants' wrongdoing.  He does not allege who issued the alleged illegal citations.  He does not allege when the unknown person issued these citations.[13]   He vaguely references alleged whistleblowing activities but does not allege

facts supporting his belief Defendants discriminated against him on the basis of his alleged disability or how Defendants violated his First and Fourth Amendment rights.   Jones fails to allege the conduct of any individual Defendant making it impossible for us to discern the claims levied against Defendants.   The amended complaint must be dismissed for failing to comply with Rule 8(a)(2).

Jones alleges he is so physically disabled he is not capable of constructing a complaint sufficient to survive dismissal.[14]  His amended complaint is insufficient but given Jones has filed *pro se* to this point, and we cannot say whether amendment with facts would absolutely be futile, we will not dismiss the amended complaint with prejudice against the non-immune Defendants. Should Jones retain later counsel, as he suggests he intends to do, he may try to timely plead a plausible claim with facts supporting his legal theories against the Township, Ms. Juno, Messrs. McCauley and Kucher and Attorney Flager under Federal Rule of Civil Procedure 11.

---

[1] (*Id.* at ¶ III.C.)

[2] (*Id.* at ¶ IV.)

[3] (ECF Doc. No. 3, at III C.)

[4] (ECF Doc. No. 26)

[5] (*Id.*)

[6] (*Id.*)

[7] (*Id.* at ¶¶ 5, 8.) This Court does not have the ability to appoint or solicit counsel for a non-incarcerated person outside of the employment or social security context and will not order lawyers to represent parties.

[8] A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for a failure to state a claim upon which relief can be granted examines the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs set forth "a short and plain statement of the claim," which gives the defendant " 'fair notice of

what the ... claim is and the grounds upon which it rests.' " *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (alteration in original). The complaint need not contain "detailed factual allegations" but rather "sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir.2010) (alteration in the original) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993)). We must "accept all the factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp.*, 643 F.3d at 84 (alteration in original) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient " 'to raise a right to relief above the speculative level.' " *West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank,* 712 F.3d 165, 169 (3d Cir.2013) (quoting *Twombly,* 550 U.S. at 555).

[9] (ECF Doc. No. 32)

[10] *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976).

[11] *Jones v. Philadelphia Parking Auth.*, No. 11-4699, 2014 WL 3362797, *2 (E.D. Pa. July 9, 2014).

[12] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[13] Jones may face a statute of limitations question if these citations occurred more than two (2) years before December 18, 2015. (ECF Doc. No. 1)

[14] (ECF Doc. No. 26, at ¶¶ 5-11)